IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| DAISHA WALLACE, | : | Case No. 1:23-cv-815 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| FAMILY DOLLAR STORES OF OHIO, LLC, et al., | : | |
| Defendants. | : | |

### ORDER AND OPINION

This matter is before the Court on Defendant Family Dollar Stores of Ohio, LLC's Motion to Compel Arbitration and Dismiss, or, in the Alternative, to Stay Proceedings (Doc. 5). In response, Plaintiff filed a Motion to Stay Litigation Pending Arbitration (Doc. 6). Thus, this matter is ripe for review. For the reasons below, Defendant's Motion (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART** while Plaintiff's Motion to Stay (Doc. 6) is **GRANTED**.

On December 14, 2023, Plaintiff Daisha Wallace filed a Complaint against Defendant Family Dollar Stores of Ohio and several individual defendants in their capacity as Dollar Store employees. (Compl., Doc. 1.) This case revolves around allegations of gender, pregnancy, race, and disability discrimination in the workplace — as well as retaliation and wrongful termination. (*Id.*) As a condition of employment with Defendant Family Dollar Stores, Plaintiff agreed to an Arbitration Agreement.

(Defendant's Motion, Doc. 5, Pg. ID 81-85; Votta Aff., Doc. 5-1; Agreement, Doc. 5-4.) The Agreement provided—among other things—that "the Parties agree to resolve by arbitration all claims or controversies arising out of or related to [Plaintiff's] . . . employment or its termination . . . that the [Plaintiff] may have against [Defendant Family Dollar Store or its employees or agents]." (Agreement, Doc. 5-4, Pg. ID 102.)

Both parties agree that this matter belongs in arbitration pursuant to the Agreement. (*See* Defendant's Motion, Doc. 5, Pg. ID 75; Plaintiff's Motion, Doc. 6, Pg. ID 173.) When considering an unopposed motion to compel arbitration, "courts merely need to confirm that the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the dispute at issue falls within the scope of that agreement." *Schotter v. Thomas Thor LLC, Inc.*, No. 5:23-CV-1909, 2023 WL 8781381, at *2 (N.D. Ohio Dec. 19, 2023) (cleaned up). In light of the record and lack of opposition, the Court finds this matter arbitrable. *See id.*

Consequently, the only remaining question for the Court is whether this case should be dismissed or stayed. Defendant requests that this matter be dismissed or, in the alternative, that it be stayed pending arbitration. (Defendant's Motion, Doc. 5, Pg. ID 75.) Plaintiff requests a stay. (Plaintiff's Motion, Doc. 6, Pg. ID 173.)

Section 3 of the Federal Arbitration Act ("FAA") dictates that a district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Sixth Circuit has explained that the FAA "conveys a mandatory obligation" for a district court to enter a stay—as opposed to a dismissal—when a party applies for a stay in the normal course.

*Arabian Motors Group W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941-42 (6th Cir. 2021). The Court therefore finds that a stay is appropriate in this matter.

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion (Doc. 5) and **GRANTS** Plaintiff's Motion (Doc. 6). The Court **ORDERS** the following:

1. The Court **COMPELS** the matter to arbitration;
2. This matter is **STAYED** pending the outcome of arbitration; and
3. The parties **SHALL** notify the Court within 14 days upon the conclusion of arbitration.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF OHIO<br>
<br>
By: *[signature]*<br>
JUDGE MATTHEW W. McFARLAND